# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| V. | ) | Criminal No. 06-00429 |
| | ) | |
| BRUCE FORSYTH, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This matter is before the Court on a Motion to Exclude Potential Victim Impact Testimony [51], filed by Defendant Bruce Forsyth on May 15, 2008, in which Defendant seeks to exclude a letter received by the Court on or about April 7, 2008.[1] Defendant asserts that the Court should exclude the letter for two reasons: (1) the letter contains "40 year old uncorroborated allegations against Mr. Forsyth" unrelated to the instant offense, and thus the author of the letter does not constitute a "crime victim" as defined under 18 U.S.C. § 3771(e), (Docket No. 51 at ¶2); and (2) the letter would cause an undue prejudice against Defendant insofar as counsel has "no effective way of addressing or even investigating these uncorroborated allegations," (Docket No. 51 at ¶4). On May 16, 2008, the Government filed its Response to Defendant's Motion to Exclude Potential Victim Impact Statement (Docket No. 52), in which it conceded that the "Alleged Victim" who drafted the letter does not constitute a victim of the instant offense as defined in the statute, but that the letter from the "Alleged Victim" should nonetheless be considered and the "Alleged Victim" should be allowed to testify in that it represents "first-hand non-hearsay testimony of a named individual subject to cross-examination ... ." (Docket No. 52 at 3). On May 16, 2008, Defendant

---

[1] Considering the highly sensitive nature of the substance of the letter as well as privacy issues, the substance of the letter and its author shall not be revealed here.

1

filed a Reply to Government's Response to Defendant's Motion to Exclude Potential Victim Impact Statement (Docket No. 53), in which it relies on the language in Guideline § 6A1.3.

Because the parties agree that the "Alleged Victim" does not fall within the definition of "crime victim" as defined in 18 U.S.C. § 3771(e), the Court will proceed to Defendant's second argument: the contents of the letter prejudices him insofar as his counsel cannot address or investigate the uncorroborated allegations. (Docket No. 51 at ¶4). The Court agrees.

Section 3661 of Title 18, entitled "Use of Information for Sentencing," provides the following guidance as to proper evidence to be presented at a sentencing hearing: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Commenting on section 3661, "a sentencing judge must have 'the fullest information possible concerning the defendant's life and characteristics,' *Williams v. New York*, 337 U.S. 241, 247 (1949) (footnote omitted), so that the punishment fits not only the crime, but the defendant as well." *United States v. Baylin*, 696 F.2d 1030, 1038-1039 (3d Cir. 1982), *superseded by statute on other grounds as stated in United States v. Essig*, 10 F.3d 968, 970 (3d Cir. 1993) (footnote omitted). However, the Court in *Baylin* qualified the presentation of information at sentencing, noting "that, as a matter of due process, factual matters may be considered as a basis for sentence only if they have some minimal indicium of reliability beyond mere allegation" and "bear some rational relationship to the decision to impose sentence." *Id.* at 1040. Along the same lines, the Sentencing Guidelines provide that "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."

U.S. Guidelines Manual 6A1.3(a).[2]

The Court finds that while the substance of the letter is relevant to the history and characteristics of the Defendant per 18 U.S.C. § 3553(a), the letter lacks "a sufficient indicia of reliability to support its probable accuracy," as required by the Sentencing Guidelines. *See United States v. Otero*, 495 F.3d 393, 402 n. 5 (7th Cir. 2007) (affirming district court's consideration at sentencing of a letter containing a death threat to a federal prosecutor where "the hearsay evidence possessed sufficient indicia of reliability because [the author's] account was corroborated by another inmate, who told investigators that he had overheard [defendant's] death threat"). While the Court does *not* hold that corroboration is *per se* required, corroboration merely represents one avenue of "indicia of reliability" to support the probable accuracy of the contents of the letter. Drawing on the language from *Baylin*, the Court finds that the allegations in the letter may not be considered at sentencing insofar as they lack a "minimum indicium of reliability beyond mere allegation."

Accordingly, the Court **GRANTS** Defendant's Motion to Exclude Potential Victim Impact Testimony [51].

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: May 27, 2008

CC: Counsel for all parties
U.S. Probation Office

---

[2] The Court notes that the Federal Rules of Evidence do not apply in a sentencing hearing. *See* Fed.R.Evid. 1101(d)(3). *See also Baylin*, 696 F.2d at 1039 (reciting section 3661 and noting that "[i]t is thus permissible for a sentencing judge to consider information that would be inadmissible for the purpose of determining guilt") (citations omitted).